IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMOS THAMES                                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:17CV84-NBB-DAS

FOCUS MANOR, INC., et al.                                                   DEFENDANTS

## ORDER DENYING MOTION TO INTERVENE

Before the Court is a Motion to Intervene [60] filed by State Farm Fire and Casualty Company ("State Farm"). The motion is opposed by Plaintiff, Amos Thames, and partially opposed by Defendants Focus Manor, Inc. and George A. Miller.

State Farm, who is defending this suit under a full reservation of rights, moves for permissive intervention,[1] arguing that a judgment against the defendants will result in efforts to enforce that judgment and execute against the liability coverage proceeds of the subject policy. State Farm takes the position that any injury-causing action or inaction by the defendants is either not covered by or is specifically excluded from the policy. State Farm filed its motion to intervene prior to the deadline for amendments and joinder of parties established in the case management order. It argues that several coverage issues asserted by State Farm "will ultimately be tied to the basis of this action's jury determination." According to State Farm, *if not excluded from coverage*, the jury would have to determine whether plaintiff had proven allegations that

---

[1] "Rule 24(b)(2) provides for permissive intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir. 1989).

"may constitute personal and advertising injury" under the subject policy, such as defamation, malicious prosecution, wrongful eviction, false light invasion of privacy, and breach of contract.

Plaintiff counters that State Farm's interest is already represented in the fact that (1) Focus Manor, Inc. is represented by both counsel of State Farm's choosing and separate independent counsel and (2) State Farm is defending the case under a full reservation of rights. Plaintiff further argues that State Farm's position is too removed from the main action. The matter currently before the Court is Focus Manor's liability, if any, for injuries and damages alleged by Plaintiff. Whether those alleged injury-causing actions are covered by the insurance policy is a question for another day, preserved by State Farm's reservation of rights. According to Plaintiff, State Farm's intervention would cause undue delay, issue confusion, and unnecessary expense.

Focus Manor and Miller consent to State Farm's intervention only if State Farm is bound by the allegations made in its proposed complaint and if proceedings on State Farm's claims are stayed until judgment is rendered as to Plaintiff's claims.[2] These Defendants argue that unconditional intervention could impede their defense of the main action, which may run contrary to their position in regard to coverage.[3] Stated differently, Defendants argue intervention places them in the position of simultaneously defending against the merits of Plaintiff's claims while also defending claims by its carrier of no coverage.

The Court is of the opinion that questions of coverage and indemnity are separate and distinct from questions of liability and damages. Whether the alleged acts are covered by the

---

[2] State Farm opposes these conditions.
[3] Focus Manor and Miller present the following example:

"If, in the defense of the merits, it is in the defendants' best interest to not ask a question of the plaintiff as to the merits of the plaintiff's case, and failure to ask that question results in a record which allows State Farm to take advantage of an early dispositive motion, then the defendants would be forced to execute a disadvantageous litigation strategy in order to effect coverage."

insurance policy is not at issue in this litigation. While the jury may be asked to determine whether Plaintiff has proven such actions as defamation and malicious prosecution, that question can be answered without determining whether those actions are covered occurrences under the subject insurance policy. The Court further agrees that intervention places Focus Manor and Miller in the untenable position of defending the case on the merits while constantly looking over its proverbial shoulder to preserve its position on coverage—twin goals which may be in conflict.

IT IS, THEREFORE, ORDERED that State Farm's Motion to Intervene [60] is DENIED.

SO ORDERED this, the 6th day of February, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE